**Steven D. Olson**, OSB No. 003410
  Direct Telephone:  503.802.2159
  Direct Fax:  503.972.3859
  E-mail:  steven.olson@tonkon.com
**Ryan M. Bledsoe**, OSB No. 073296
  Direct Dial: 503.802.2120
  Direct Fax: 503.972.3820
  E-Mail: ryan.bledsoe@tonkon.com
**Stephanie J. Grant**, OSB No. 154957
  Direct Telephone: 503.802.5736
  Fax: 503.274.8779
  E-mail: stephanie.grant@tonkon.com

**TONKON TORP** LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

  Attorneys for Defendants Leif's Auto Collision
  Centers, LLC dba Leif's Auto Collision Centers and
  Leif Hansen, an individual

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland insurance company,** | Civil Action No. 3:17-cv-00045-PK |
| **Plaintiff,** | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| **LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF'S AUTO COLLISION CENTERS; and LEIF HANSEN, an individual,** | |
| **Defendants.** | |

For its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Government Employees Insurance Company ("Plaintiff" or "GEICO"), Defendants Leif's Auto Collision Centers, LLC, an Oregon limited liability company dba Leif's Auto Collision Centers ("Leif's Auto"), and Leif Hansen (collectively "Defendants") admit, deny, and state as follows. Except as expressly admitted herein, Defendants deny each and every allegation in Plaintiff's Complaint.  Where the allegations in a Paragraph are denied, Defendants also deny the allegations in any accompanying footnote, except as expressly noted.

1.      Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, deny them.

2.      Defendants admit Paragraph 2 of the Complaint.

3.      Defendants admit Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's defamation and tortious interference claims pursuant to 28 U.S.C. § 1332(a).  Defendants deny that this Court has jurisdiction over Plaintiff's declaratory judgment claim.

5.      In response to Paragraph 5 of the Complaint, Defendants admit that venue is proper in this district for Plaintiff's defamation and tortious interference claims.

6.      Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, deny them.

7.     Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny them.

8.     Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, deny them.

9.     Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, deny them.

10.     Defendants admit the last sentence of Paragraph 10.  Except as expressly admitted, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny them.

11.     Defendants admit that Leif's Auto has two locations in Portland, Oregon. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendants admit that GEICO's insureds and third-party claimants occasionally select Leif's Auto to repair their cars.  The remainder of Paragraph 12 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendants admit that Leif's Auto has stated that it is an "active consumer advocate" and that it is the "only bodyshop in Oregon that holds insurer[s] accountable."  Except

as expressly admitted, Defendants deny the remaining allegations in Paragraph 13 of the

Complaint.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants are without information or knowledge sufficient at this time to

form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore,

deny them.

20.    Defendants are without information or knowledge sufficient at this time to

form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore,

deny them.

21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants admit that the "adjusters'" visits are limited to reasonable

business hours.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that in one instance, Leif's Auto required an "adjuster" to use an inbox and outbox.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     To the extent that Plaintiff realleges prior allegations, Defendants incorporate their responses above.

37.     Defendants admit the allegations in Paragraph 37 of the Complaint.

38.     Paragraph 38 of Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     To the extent that Plaintiff realleges prior allegations, Defendants incorporate their responses above.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     To the extent that Plaintiff realleges prior allegations, Defendants incorporate their responses above.

47.     Defendants admit that ORS 746.280(1) states: "An insurer may not require that a particular person make the repairs to the insured's motor vehicle as a condition for recovery by the insured under a motor vehicle liability insurance policy."

48.     Defendants admit that ORS 746.280(2) states: "Prior to providing a recommendation that a particular person make repairs to the insured's motor vehicle, the person adjusting the claim on behalf of the insurer shall inform the insured of the rights conferred by subsection (1) of this section by communicating in a statement substantially similar to the following: OREGON LAW PROHIBITS US FROM REQUIRING YOU TO GET REPAIRS TO YOUR VEHICLE AT A PARTICULAR MOTOR VEHICLE REPAIR SHOP. YOU HAVE THE RIGHT TO SELECT THE MOTOR VEHICLE REPAIR SHOP OF YOUR CHOICE."

49.     Paragraph 49 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny them.

50.     Defendants admit that ORS 654.010 states: "Every employer shall furnish employment and a place of employment which are safe and healthful for employees therein, and shall furnish and use such devices and safeguards, and shall adopt and use such practices, means, methods, operations and processes as are reasonably necessary to render such employment and place of employment safe and healthful, and shall do every other thing reasonably necessary to protect the life, safety and health of such employees."

Page 6 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
            COMPLAINT

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants admit that ORS 28.010 states: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a judgment."  Defendants admit that ORS 28.020 states: "Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

53.   Defendants admit that 28 U.S.C. § 2201(a) states: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration  . . . ."

54.   Paragraph 54 of the Complaint sets for legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer and Affirmative Defenses to the Complaint, Defendants assert the following Affirmative Defenses.  By denominating these defenses as Affirmative

Defenses, Defendants do not undertake any burden of proof or production not otherwise imposed by law.

      55.    In support of their Affirmative Defenses, Defendants reallege and incorporate their admissions, denials, and statements set forth in Paragraphs 1–54 herein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

      56.    Plaintiff's Complaint fails to state any claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

      57.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

      58.    Plaintiff's claims are barred by its unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitation of Liabilities)

      59.    Plaintiff's claimed damages under Paragraph(s) 40 and 45 of the Complaint are limited by the absence of cognizable damages, the applicable statutes of limitations, and mitigating circumstances.

## FIFTH AFFIRMATIVE DEFENSE

### (First Amendment)

60.    Any statements Defendants made regarding Plaintiff are protected by the First Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

61.    Any statements Defendants made to Plaintiff's insureds and third-party insurance claimants are entitled to qualified privilege.

## SEVENTH AFFIRMATIVE DEFENSE

### (Truth)

62.    Any statements Defendants made to Plaintiff's insureds and third party insurance claimants about Plaintiff were either true or made without the requisite degree of fault to trigger liability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

63.    Plaintiff's declaratory judgement claim fails to present a justiciable controversy between the parties.

64.    Assuming there is a justiciable controversy—which there is not—this Court should decline to exercise its discretionary jurisdiction over Plaintiff's declaratory judgment claim, which requests the creation of a novel exception to an Oregon statute.

## <u>PRAYER FOR RELIEF</u>

Having fully answered Plaintiff's Complaint and alleged Affirmative Defenses, Defendants pray for judgment from this Court as follows:

Page 9 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
        COMPLAINT

65.    Dismissal of Plaintiff's claims with prejudice and for Plaintiff to take nothing based on its Complaint;

66.    Awarding Defendants their attorney fees, costs, and disbursements; and

67.    Granting all other relief that this Court finds just or equitable.

**OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED DETERMINATION**

Defendants oppose Plaintiff's request for a speedy hearing of its declaratory judgment claim pursuant to Federal Rule of Civil Procedure 57.

DATED this 8th day of February, 2017

**TONKON TORP** LLP

By: */s/    Ryan M. Bledsoe*
   Steven D. Olson, OSB No. 003410
   Ryan M. Bledsoe, OSB No. 073296
   Stephanie J. Grant, OSB No. 154957
      Attorneys for Defendants Leif's Auto Collision
      Centers, LLC dba Leif's Auto Collision Centers
      and Leif Hansen, an individual

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **DEFENDANTS' ANSWER AND**

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on:

> Scott Brooksby, OSB #950562
>     E-mail: sbrooksby@olsonbrooksby.com
>     Telephone: 503.290.2420
> Kristin Olson, OSB #031333
>     E-mail: kolson@olsonbrooksby.com
>     Telephone: 503.290.2422
> **OLSON BROOKSBY PC**
> 520 SW Yamhill Street, Suite 200
> Portland, OR 97204
>
> Dan W. Goldfine (application pro hoc vice to he filed)
>     E-mail: dgoldtine@Irrc.com
>     Telephone: 602.262.5392
> Kirstin A. Story (application pro hac vice to be filed)
>     E-mail: kstoryelrrc.cotn
>     Telephone: 602.262.5363
> Aaron D. Arnson (application pro hac vice to be filed)
>     Email: aarnson@lrre.com
>     Telephone: 602.262.0845
> **LEWIS ROCCA ROTHGERBER CHRISTIE LLP**
> 201 East Washington Street, Suite 1200
> Phoenix, AZ 85004-2595
>
> **Attorneys for Plaintiff Government Employees Insurance**
> **Company**

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed

to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the

date set forth below.

DATED this 8th day of February, 2017.


TONKON TORP LLP

By: /s/      *Ryan M. Bledsoe*
    Steven D. Olson, OSB No. 003410
    Ryan M. Bledsoe, OSB No. 073296
    Stephanie J. Grant, OSB No. 154957
        Attorneys for Defendants Leif's Auto Collision
        Centers, LLC dba Leif's Auto Collision Centers
        and Leif Hansen, an individual

030816/00054/7832732v3