**Scott Brooksby**, OSB #950562
E-mail: sbrooksby@olsonbrooksby.com
Telephone: 503.290.2420
**Kristin Olson** OSB #031333
E-mail: kolson@olsonbrooksby.com
Telephone: 503.290.2422
**OLSON BROOKSBY PC**
1020 SW Taylor St. Suite 400
Portland, OR 97205

**Dan W. Goldfine** (admitted *pro hac vice*)
(Arizona State Bar No. 018788)
E-mail: dgoldfine@lrrc.com
Telephone: 602.262.5392
**Joshua Grabel** (admitted *pro hac vice)*
(Arizona State Bar No. 018373)
E-mail:  jgrabel@lrrc.com
Telephone:  602.262.5759
**Kirstin A. Story** (admitted *pro hac vice*)
(Arizona State Bar No. 023485)
E-mail: kstory@lrrc.com
Telephone: 602.262.5363
**Roy Herrera** (admitted *pro hac vice*)
(Arizona State Bar No. 032901)
Email: rherrera@lrrc.com
Telephone: 602.262.5742
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
201 East. Washington Street, Suite 1200
Phoenix, AZ 85004-2595
Facsimile: 602.262.5747

Attorneys for Plaintiff Government Employees Insurance
Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland company,<br><br>                    Plaintiff<br><br>LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF's AUTO COLLISION CENTERS, and LEIF HANSEN, an individual,<br><br>                    Defendants. | Civil Case No. 3:17-cv-00045-PK<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. The parties expect to exchange documents and information relating to confidential, proprietary, and/or trade secret practices and procedures, or private customer or personnel information. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall

2 – STIPULATED PROTECTIVE ORDER

designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

    4.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *Or*
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

    5.    Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses

3 – STIPULATED PROTECTIVE ORDER

confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

      a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.    The authors and the original recipients of the documents.
g.    Any court reporter or videographer reporting a deposition.
h.    Employees of copy services, microfilming or database services,
trial support firms and/or translators who are engaged by the parties
during the litigation of this action.

8.    Use of any information, documents, or portions of documents marked "Attorneys'
Eyes Only," including all information derived therefrom, shall be restricted solely to the persons
listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated
by counsel or authorized by the Court.

9.    Prior to being shown any documents produced by another party marked
"Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d)
shall agree to be bound by the terms of this Order by signing the agreement attached as
Exhibit A.

10.    Whenever information designated as "Confidential" or "Attorneys' Eyes
Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a
deposition, hearing, or pre-trial proceeding, the designating party may exclude from the
room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for
that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any
other party or subpoenaed party in accordance with this Protective Order. If a party believes
that any documents or materials have been inappropriately designated by another party or
subpoenaed party, that party shall confer with counsel for the designating party. As part of that
conferral, the designating party must assess whether redaction is a viable alternative to complete
non-disclosure. If the parties are unable to resolve the matter informally, a party may file an
appropriate motion before the Court requesting that the Court determine whether the Protective
Order covers the document in dispute. Regardless of which party files the motion, the party
seeking to protect a document from disclosure bears the burden of establishing good cause for
why the document should not be disclosed. A party who disagrees with another party's
designation must nevertheless abide by that designation until the matter is resolved by
agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    Documents designated as "Confidential" or "Attorneys' Eyes Only" prior to entry of this Order shall be subject to all of the rights, obligations, and protections of those designations as set forth in this Order.

15.    The parties may retroactively designate any document or thing produced in discovery as "Confidential" or "Attorneys' Eyes Only" by notifying all parties subject to this Order in writing. The Notice shall specify the documents or things by description and bates label along with the intended designation for each document or thing. After receipt of notice of intended retroactive designation of any document or thing as "Confidential" or "Attorneys' Eyes Only" the parties shall have ten judicial days to initiate the process of challenging the designation pursuant to the procedures set forth in Paragraph 11, above. After the expiration of ten judicial days, if no challenge has been made to the notice of intended designation, or

immediately upon written notice by all parties agreeing to the retroactive designation, all parties shall take prompt action to ensure appropriate labeling, designation, treatment, and handling of the documents or things, including but not limited the measures set forth in Paragraphs 3, 4, 6, 7, 8, 9, and 10, above. Disclosure of any documents or things to third parties prior to receipt of written notice of intended retroactive designation shall not constitute a violation of this Order, provided corrective measures are undertaken when a retroactive designation becomes effective.

16.    If any third party (*i.e.*, someone who is not a party to this litigation) demands by subpoena the production of Confidential or Attorneys' Eyes Only materials from a receiving party, the receiving party served with the third-party subpoena must notify all other parties to this litigation within five days of receipt of the subpoena (or as much in advance of the subpoena return date as possible if the subpoena purports to demand production on less than five days' notice). Each producing party that produced the material shall have the right to either object to or move to quash the subpoena. If the producing party objects to or moves to quash within the applicable response time, the receiving party shall not produce the material until the objection or motion to quash is resolved by the Court.

17.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

18.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony

or other information.

19.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

20.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

Respectfully Submitted this 10th Day of August, 2017


LEWIS   ROCA   ROTHGERBER   CHRISTIE   TONKON TORP LLP
LLP



<u>(s) Kirstin A. Story</u>                    <u>(s) Stephanie Grant</u>
Dan Goldfine (*pro hac vice*)              Steven Olson
Joshua Grabel (*pro hac vice*)             Robert Carey
Kirstin A. Story (*pro hac vice*)          Blerina Kotori
Roy Herrerra (*pro hac vice*)              Stephanie Grant
201 E. Washington St. Suite 1200
Phoenix, Arizona 85004
Tel:  (602) 262-5311                       1600 Pioneer Tower
                                           888 SW Fifth Avenue
                                           Portland, Oregon 97204
                                           Tel:  (503) 802-2055


OLSON BROOKSBY PC                          Attorneys for Defendants


<u>(s) Scott Brooksby</u>
Scott Brooksby
Kristin Olson
1020 SW Taylor Street
Suite 400
Portland, Oregon 97205
Tel:  (503) 290-2420

Attorneys for Plaintiff

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

      1.    IT IS SO ORDERED.

DATED: _____8/11/17_____

_____

Honorable Paul Papak

10 – STIPULATED PROTECTIVE ORDER

EXHIBIT A

I,_____, have been advised by counsel of record for

_____ in *Government Employees Insurance Company v.*

*Leif's Auto Collision Centers, LLC and Leif Hansen*, Civil Case No. 3:17-cv-00045-PK of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation.  I have read a copy of the protective order and agree

to abide by its terms.

_____
Signed

_____
Printed

_____
Name/Date