THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GOVERNMENT EMPLOYEES INSURANCE CO.,
    Plaintiff,
v.

LEIF'S AUTO COLLISION CENTERS, LLC, and LEIF HANSEN,
    Defendants.

No. 3:17-cv-045-PK

**ORDER**

**PAPAK, J.**

Plaintiff Government Employees Insurance Co. brings this action against Defendants Leif's Auto Collision Centers, LLC and Leif Hansen, asserting claims for intentional interference with contractual relations, defamation, and declaratory relief. Plaintiff alleges that Defendants have attempted to intimidate, delay, and obstruct Plaintiff's insurance adjusters from evaluating vehicles on Defendants' premises.

On January 11, 2018, I ruled on several of Plaintiff's discovery requests that Defendants disputed. I now rule on several of Defendants' discovery requests that Plaintiff disputes.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking to compel discovery has the initial burden of showing that its request meets the relevance requirements of Rule 26(b)(1). *Reece v. Basi*, No. 2:11-cv-2712-TLN AC P, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014). If the party seeking to compel discovery satisfies its burden, or if relevance is clear from the request itself, the party opposing discovery then must show that discovery should not be allowed, and carries the "heavy burden of clarifying, explaining, and supporting its objections." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Lenard v. Sherwin-Williams Co.*, No. 2:13-cv-2548-KJM AC, 2015 WL 854752, at *1 (E.D. Cal. Feb. 26, 2015).

## DISCUSSION

### I. Confidentiality Designations for Plaintiff's Employee Statements

Plaintiff conducted an internal investigation into its employees' experiences at Defendants' premises and created written reports based on that investigation. Plaintiff then produced the written reports and designated them as being for "Attorneys' Eyes Only." Defendants now seek to remove the Attorneys' Eyes Only designation from the reports "so that [Defendants] may understand the specifics of the allegations against them" and Defendants'

counsel may use the statements to prepare witnesses for depositions.

Plaintiff responds that it "maintains workplace investigations--in particular, employees' statements and participation in those investigation[s]--as private and confidential, in order to maintain the integrity and reliability of all internal workplace investigations by providing employees with the assurance that they may freely participate in workplace investigations and make reports to Human Resources without the fear that their statements will be disclosed and result in retaliation." Plaintiff states that privacy is critical here because Defendants' employees have allegedly threatened to retaliate against Plaintiff's adjusters and their families.

I conclude that Defendants' counsel may disclose these statements to Defendants' witnesses to prepare for depositions. Plaintiff created these statements as part of its investigation into Defendants' behavior, so the relevant information, and the source of the information, will surely be disclosed during depositions regardless of whether the statements are disclosed to Defendants before depositions are taken. I caution that improper use of these statements by Defendants or their employees may subject Defendants and their counsel to sanctions.

## II. ARX (Auto Repair Express) Documents

Plaintiff has a program called GEICO Auto Repair Xpress, or ARX, for its dealings with repair shops. Defendants contend that ARX documents are relevant to compare the costs of Defendants' repairs against those of repair shops in the ARX program, because Plaintiff alleges that Defendants charge for delayed and unnecessary repairs at inflated prices. Defendants state that Plaintiff should disclose agreements with ARX shops in Oregon and Washington, documents showing how the shops set repair procedures and rates, and documents regarding alleged "re-

repairs" required after vehicles leave the ARX shops.

Plaintiff responds that it already has provided Defendants with documents in response to Defendants' Requests for Production Nos. 97-98 and 100, "which request documents concerning [Plaintiff's] ARX program and customer scripts related to that program." Plaintiff states that it has also provided documents concerning rate settings and cost of repairs, although Plaintiff does not consider the documents relevant. As to Defendants' other document requests relating to ARX, Plaintiff argues that Defendants are trying to muddy the waters "by alleging things that are untrue or irrelevant related to [Plaintiff's] interactions with other body shops in Portland, hoping that a jury will ignore Defendants' improper conduct." Plaintiff argues that the requested ARX documents are not relevant to Plaintiff's claims, which assert that "Defendants have engaged in abusive, threatening, and defamatory conduct" to increase the cost of repairs.

I conclude that Plaintiff properly and sufficiently responded to Defendants' request for ARX-related documents. The additional documents Defendants seek regarding the contracts between Plaintiff and third-party repair shops are not relevant to Plaintiff's claims. I deny Defendants' request that Plaintiff produce additional ARX-related documents.

### III. Employee Reviews

Defendants request Plaintiff's policies and procedures for reviewing its adjusters in Oregon and Washington, including the "performance metrics" used to evaluate adjusters. Defendants also seek specific performance reviews of certain employees of Plaintiff who oversee Plaintiff's operations locally. Defendants contend that these documents are relevant to show that Plaintiff's adjusters are having problems at Defendants' facility "due not to any intimidation or harm, but because [Defendants'] more thorough repairs and market labor rates reflects poorly on

the adjusters' 'numbers' and review metrics."

Plaintiff states that it has provided documents responsive to Request for Production No. 61, relating to its performance criteria for adjusters. Plaintiff states that it has not provided "private personnel evaluations" of its employees because providing the evaluations would be an unnecessary and irrelevant intrusion into private information. Plaintiff states that Defendants may depose witnesses if the issue is credibility.

I agree with Plaintiff that the specific performance reviews are marginally relevant at best. Defendants have not shown that they should receive these performance reviews.

Plaintiff states that Defendants also request "broad ranges of regional and company business information, in their Requests for Production (RFP) Nos. 75-77, as well as personnel information on management employees, in their RFP Nos. 78-79. Plaintiff contend that these requests are not justified by Defendants' asserted need for information about employee evaluations, and that these requests are overly broad and vague because they seek "All documents concerning" business or personnel matters. I agree with Plaintiff that Defendants have not shown that their requests for personnel information about management employees and for regional and company business are likely to lead to relevant evidence.

## IV. Allegations of Anti-Steering Against Plaintiff

Defendants seeks non-privileged documents concerning any alleged violations by Plaintiff of Oregon's anti-steering statute, Or. Rev. Stat. § 746.280. After conferring with Plaintiff, Defendants narrowed their request to documents concerning alleged violations of Oregon's anti-steering law from 2015 to now. Defendants contend that this information is relevant because Plaintiff seeks an exception to the anti-steering statute in its claim for

declaratory relief.

Plaintiff responds that the information sought by Defendants is irrelevant because allegations of alleged wrongdoing from another lawsuit are not proper for discovery here. Plaintiff states that it "has not been formally cited by any entity or Court for violating this statute." Plaintiff also states that Defendants may search publicly available information for complaints filed against Plaintiff in state or federal court or with the Oregon Department of Insurance.

I agree with Plaintiff that the information sought by Defendants is not likely to lead to relevant evidence. I deny Defendants' request for documents alleging violations of Oregon's anti-steering statute.

## CONCLUSION

For the reasons provided above, Defendants' discovery requests are granted as to the employee statements from Plaintiff's internal investigation, and otherwise denied.

Dated this 27th day of February, 2018.

Honorable Paul Papak
United States Magistrate Judge