IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, <br><br> Plaintiff, <br><br> v. <br><br> **LEIF'S AUTO COLLISION CENTERS, LLC, dba LEIF'S AUTO COLLISION CENTERS, and LEIF HANSEN**, <br><br> Defendants. | Case No. 3:17-0045-PK <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on March 16, 2018. ECF 57. Judge Papak recommended granting Defendants' motion for partial judgment on the pleadings on GEICO's request for declaratory judgment.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed a partial objection. ECF 59. Plaintiff argues that Judge Papak erred in finding that the Court does not have authority to declare Plaintiff's rights under Oregon Revised Statutes § 746.280 ("Choice of Shop" statute), that Plaintiff has other sufficient remedies, and that Plaintiff is seeking an exemption from the Choice of Shop statute. The Court is not persuaded by Plaintiff's objections. First, Judge Papak did not find that the Court does not have the authority to declare Plaintiff's rights under the Choice of Shop act. Judge Papak noted that the Court *may* declare rights under the Federal Declaratory Judgment Act, and that it is within the Court's discretion whether to do so. ECF 57 at 4-5. Judge Papak did not determine it was outside the Court's authority to declare Plaintiff's rights, status, and legal relations with respect to Defendants.

Second, the Court agrees with Judge Papak that Plaintiff has other effective remedies.[1] If Defendants commit a crime in their treatment of Plaintiff's employees, such as menacing, assault, or battery, Plaintiff or its employees can contact law enforcement. Plaintiff can also file a civil suit seeking damages for harassment or other civil claims. Further, Plaintiff can seek an injunction, as Judge Papak noted.

Finally, the Court finds Plaintiff's argument that it is not seeking an exemption of the Choice of Shop statute places form over substance. Plaintiff notes that the words "exempt" or "exemption" are nowhere in the complaint. That may be true, but the substance of the declaratory relief Plaintiff seeks is an exemption from the statutory requirement that an insurer cannot require its insured to obtain repairs from a particular location. Although Plaintiff is not asking that its insureds be directed to one particular location, it is asking that it "need no longer

---

[1] The Court agrees with Plaintiff that reporting Defendants to the Oregon Department of Consumer and Business Services is not a meaningful remedy for Plaintiff, because Defendant is not the employer of Plaintiff's employees for whose safety Plaintiff is concerned. Accordingly, the Court does not adopt that portion of the Findings and Recommendation.

conduct commercial activity with Defendants, notwithstanding Oregon law to the contrary." This is contrary to the rights conferred by the Choice of Shop statute for the insured to select the motor vehicle repair shop of his or her choice. Or. Rev. Stat. § 746.280(2). Thus, asking for this relief is effectively asking for an exemption from the statute.

The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response. The Court agrees with Judge Papak's reasoning and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Papak's Findings and Recommendation, ECF 57, except as noted herein.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge