**Thomas F. Olsen**, OSB No. 132422
tolsen@lorberlaw.com
**Neal A. Markowitz**, (admitted pro hac vice)
(California State Bar No. 201692)
phathaway@lorberlaw.com
**LORBER, GREENFIELD & POLITO LLP**
5 Centerpointe Dr., Ste. 400
Lake Oswego, Oregon 97035
T: (503) 416-4785
F: (503) 416-4795

**Robert B. Titus**, (admitted pro hac vice)
(California State Bar No. 116299)
rtitus@lorberlaw.com
**LORBER, GREENFIELD & POLITO LLP**
13985 Stowe Dr.
Poway, CA 92064
T: (858) 513-1020
F: (858) 513-1002

**Steven D. Olson**, OSB No. 003410
steven.olson@tonkon.com
**TONKON TORP LLP**
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204
Direct Dial: 503.802.2159
Direct Fax: 503.972.3859

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland insurance company; GEICO GENERAL INSURANCE COMPANY, a Maryland insurance company; GEICO CASUALTY COMPANY, a Maryland insurance company; and GEICO INDEMNITY COMPANY, a Maryland insurance company,<br><br>Plaintiffs,<br><br>v.<br><br>LEIF'S AUTO COLLISION CENTERS, LLC, | Case No. 3:17-cv-00045-JR<br><br>JOINT NOTICE OF PROPOSED SCHEDULING |

an Oregon limited liability company dba
LEIF'S AUTO COLLISION CENTERS, and
LEIF HANSEN, an individual,

Defendants.

Plaintiffs Government Employees Insurance Company, GEICO General Insurance Company, GEICO Casualty Company, and GEICO Indemnity Company ("GEICO") and Defendant's Leif's Auto Collision Centers LLC dba Leif's Auto Collision Centers and Leif Hansen ("Defendants") hereby provide the following Joint Notice of Proposed Scheduling:

1. The parties were not able to reach a settlement, but there is a counteroffer pending from GEICO that Defendants' have not responded to. The parties were unable to agree upon a schedule moving forward but offer their respective positions on the Case Schedule and further briefing on the three pending motions - 1) Leif's Auto's Motion to Dismiss, 2) Leif's Auto's Motion for Partial Summary Judgment and 3) GEICO's Motion for Extension of Time – as Follows.

2. It is the Defendants' position that the pre-trial schedule set by this Court on 11/28/22 should be maintained. Further, it is the Defendants' position that the responsive and reply pleadings should be filed in accordance with Local Rule 7 (e) & (f), with June 2, 2023, being considered the date of service of the motions.

3. It is GEICO's position that, as this Court knows, additional discovery is necessary and appropriate in this case, including multiple depositions that GEICO requested over a year ago, and again requested in March, and that Defendants' counsel refused to either schedule or meet and confer regarding in April. GEICO has already placed these issues before the Court, and trusts that the Court will give GEICO an appropriate opportunity to outline all of these issues appropriately (preferably in an oral argument where the full context of the case can be outlined) before ruling on the case schedule.

4. It is further GEICO's position that, as Defendants' know, to respond to Defendants' pending Motions, GEICO not only needs to conduct substantial work in the over

100,000 pages of documents produced in this case, but it will need specific, targeted discovery from Defendants related to the Motions, including but not limited to the deposition of Defendant Hansen that Defendants' have to this point refused to agree to, to respond appropriately. GEICO intends to seek that specific discovery on an expedited basis, but has, based on the agreement of the Parties, not been working on its responses to Defendants' Motions during the pause in this case to discuss settlement. GEICO notes that, during the discussion between the parties related to scheduling the settlement meeting, GEICO's counsel specifically discussed with Defendants' counsel what would happen related to the Motions if an agreement was not reached, indicating that GEICO would request an extension of time beyond the time allowed under Local Rules 7 (e) & (f) to respond. Defendants' counsel agreed Defendants would agree to any reasonable extension request from GEICO. Both GEICO's counsel (Mr. Grabel and Mr. Brooksby) were on the call with Defendants' personal counsel (Mr. Olson) where the request was made, and both will attest Mr. Olson's agreed that, if a settlement was not reached, he would agree to extend briefing deadlines after the settlement meeting in any reasonable manner requested by GEICO. GEICO reasonably relied on that representation in the lead up to the settlement meeting.

5. On June 2, GEICO requested that Defendants' extend a professional courtesy for them to respond to the two Motions until July 17. GEICO offered to grant the same extension to Defendants to respond to GEICO's Motion, and indicated that it was making the request for multiple reasons, including the amount of work necessary to address the Motions in this case (which is fairly complex and involves thousands of pages of information), issues with planned vacations for various key individuals who will work on the Responses and at GEICO, and so that it can properly raise the issues related to discovery with the Court in a timely and orderly manner, rather than having to rush to do so in the next 14 or 20 days. GEICO was surprised that, given his prior agreement, when Defendants' counsel refused to agree to any extension, for any period of time, despite their earlier representation that they would do so. GEICO is surprised by Defendants' position here given the fact that GEICO has previously granted Defendants extensions as long as 60 to 90 days to respond to various

Motions or discovery in this matter, and despite the fact that professional courtesy would support granting this extension.

  6.  As a result, GEICO would request the Court adopt a schedule that allows for all responses to pending Motions to be filed before or on July 17, 2023. GEICO would further propose that Replies be allowed to be filed before or on August 17, 2023.

DATED this 2nd day of June, 2023.

| | |
|---|---|
| **DICKINSON WRIGHT PLLC**<br><br>By: __s/ Joshua Grabel_____<br>Dan W. Goldfine (admitted pro hac vice)<br>(Arizona State Bar No. 018788)<br>E-mail: dgoldfine@dickinson-wright.com<br>Telephone: 602.285.5038<br>Joshua Grabel (admitted pro hac vice)<br>(Arizona State Bar No. 018373)<br>E-mail: jgrabel@dickinson-wright.com<br>Telephone: 602.285.5046<br>Jamie L. Halavais (admitted pro hac vice)<br>(Arizona State Bar No. 029674)<br>E-mail: jhalavais@dickinson-wright.com<br>Telephone: 602.285.5095<br>1850 N. Central Avenue, Suite 1400<br>Phoenix, AZ 85004<br><br>**OLSON BROOKSBY PC**<br><br>Scott A. Brooksby, OSB #950562<br>sbrooksby@olsonbrooksby.com<br>503.290.2420<br>Kristin L. Olson, OSB #031333<br>kolson@olsonbrooksby.com<br>503.290.2422<br>1020 SW Taylor Street<br>Suite 400<br>Portland, OR 97205<br><br>*Attorneys for Plaintiffs Government Employees Insurance Company, GEICO General Insurance Company, GEICO Casualty Company, and GEICO Indemnity Company* | **LORBER, GREENFIELD & POLITO, LLP**<br><br>By: s/ Neal A. Markowitz_____<br>Thomas F. Olsen, OSB No. 132422<br>tolsen@lorberlaw.com<br>Neal A. Markowitz, (admitted pro hac vice)<br>(California State Bar No. 201692)<br>phathaway@lorberlaw.com<br>5 Centerpointe Drive, Suite 400<br>Lake Oswego, Oregon 97035<br>T: (503) 416-4785<br>F: (503) 416-4795<br><br>**TONKON TORP LLP**<br><br>Steven D. Olson, OSB No. 003410<br>steven.olson@tonkon.com<br>Paul Conable, OSB No. 975368<br>888 SW Fifth Avenue<br>Suite 1600<br>Portland, OR 97204<br>Direct Dial: 503.802.2159<br>Direct Fax: 503.972.3859<br><br>*Attorneys for Defendants Leif's Auto Collision Centers, LLC dba Leif's Auto Collision Centers and Leif Hansen, and individual* |